UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY A. KLEIN, | No. 2:14-cv-00748-MCE-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| COPPERSMITH GLOBAL LOGISTICS; HIGHVELD TAXIDERMISTS, LTD; OXI LOGISTICS, LTD., et al., | |
| Defendants. | |

In filing the present action against Defendant Coppersmith Global Logistics ("Coppersmith") and Highveld Taxidermists ("Highveld") (collectively "Defendants"), Plaintiff Rodney A. Klein ("Plaintiff") alleges causes of action for breach of contract and general negligence. First Am. Compl. ("FAC"), ECF No. 4. Currently before the Court is a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), filed by Defendant Coppersmith. ECF No. 9. For the reasons set forth below, Coppersmith's Motion is GRANTED.[1]

///

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff shot and killed an elephant during a trip to Tanzania in the spring of 2013. Before making that trip, Plaintiff made arrangements with Defendants to ship the ivory tusks back to the United States. First, Plaintiff entered into a contract with Highveld to transfer the elephant tusks and prepare all shipping documents, including all export and import permits. Then, Plaintiff contracted with Coppersmith, a business that arranges for the importation of hunting trophies, to deliver the elephant tusks once they arrived and cleared customs. The tusks were impounded in San Francisco by the United States government for lack of proper Tanzanian permits in accordance with the Convention on International Trade in Endangered Species. The tusks have never been returned. Mot. to Transfer, ECF No. 9, 1: 2-6. As indicated above, Plaintiff has sued Defendants for breach of contract and general negligence and seeks damages.

Coppersmith is now requesting transfer to the Central District of California as mandated by a forum selection clause in its agreement with Plaintiff, which states:

> These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the County of Los Angeles, State of California without giving consideration to principals [sic] of conflict of law. Customer and Company (a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of Los Angeles county California; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts. . . .

Decl. of Tom Scott, ECF No. 10-2 at 6. Based on this forum selection clause, Coppersmith asserts that this action should be transferred to the Western Division of the United States District Court for the Central District of California, located in Los Angeles County, California. ECF No. 9, 1: 10-12.

///

///

///

---

[2] Unless otherwise noted, the following facts are taken from Plaintiff's FAC. ECF No. 4.

**ANALYSIS**

A forum selection clause is presumptively valid under controlling Ninth Circuit case law and is only unenforceable if: (1) it was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that Plaintiffs would essentially be denied their day in court; or (3 enforcement of the clause would contravene a strong public policy of California. R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996). Additionally, when a defendant files a § 1404(a) motion, a district court should transfer the case pursuant to the forum selection clause unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavors a transfer. See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 574 (2013) (holding that a valid forum selection clause represents the parties' agreement as to the most proper forum and should be given controlling weight). The court should not consider the parties' private interests aside from those embodied within the forum-selection clause. Id.

Plaintiff has failed to point to any facts which overcome the controlling nature of a forum selection clause, or suggest any outcome besides transferring this case to the forum agreed upon by the parties. Plaintiff raises no argument that he was coerced into signing the terms and conditions, or that it would be "gravely difficult" for him to litigate in Los Angeles. Plaintiff had multiple opportunities to review the terms and conditions since he first signed the document in 2005. ECF No. 9, 1: 21-26. In fact, Plaintiff has signed the document a total of three times. Id. Additionally, Plaintiff is an experienced attorney who should understand the significance of a forum selection clause. ECF No. 4, 3:9-12.

Plaintiff's only argument against the transfer is that the elephant tusks are allegedly under the jurisdiction of the Eastern District, and that transferring the case would cause the property to no longer be "protected." Opp. to Mot. for Transfer, ECF No. 14, 2:20-24. Plaintiff therefore requests that this Court issue an order transferring

the tusks to the new court in the event the Motion to Transfer is granted. Id. at 2:24-28.

This argument is problematic. The tusks are not under the control of the Defendants in this case, but instead are currently possessed by the government. Rep., ECF No. 15, 2: 1-2. The government has not been named as a defendant in this lawsuit, but instead was included in a now dismissed separate action. ECF No. 4, 2: 7-10. Since the United States is not a named party to these proceedings, the Court has no jurisdiction over the government. See Ex parte Ayers, 123 U.S. 443, 511 (1887) (holding that a court cannot make a decree unless all those who are substantially interested be made parties to the suit). Therefore, the government's custody of the tusks, and where the tusks are currently held, is not germane to the current action.

Because Plaintiff has failed to establish a viable reason, much less an "extraordinary circumstance," as to why the motion to transfer is improper, the Court concludes that the provisions of the forum selection clause should be given full effect and Defendant Coppersmith's Motion to Transfer Venue must accordingly be granted.

## CONCLUSION

For the foregoing reasons, Defendant Coppersmith's Motion to Transfer Venue (ECF No. 9) is GRANTED. The Clerk of Court is directed to transfer this case to the Western Division of the United States District Court, Central District of California, located in Los Angeles County, California.

IT IS SO ORDERED.

Dated: March 20, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT